### 14441.  GAMBLE *v.* THE STATE.

An expression or intimation of opinion as to what had been proved in regard to a fact in issue was made by the trial judge in his charge to the jury, where he instructed them that, if they believed, under the evidence, that the defendant was referring to himself "when he made some reference to Mr. Gamble," they were authorized to consider "such statement against him" as an incriminatory statement, if they should find that such statement was of an incriminatory nature. For this reason a new trial must be granted.

DECIDED JUNE 12, 1923.

Indictment for disturbing worship; from city court of Baxley — Judge Speer. March 1, 1923.

*V. E. Padgett,* for plaintiff in error.

*H. J. Lawrence, solicitor,* contra.

BROYLES, C. J.  The defendant was charged with disturbing a congregation of persons, lawfully assembled for divine worship, by loudly knocking on the church building. No witness saw who did the knocking, but, immediately after it was done, a deacon of the church, who was inside the church, walked to the door and saw the defendant and another person near the church and coming from the direction where the knocking had occurred. This deacon testified that the defendant said: "It was Mr. Gamble doing the knocking, and they can't be no God-damn help for it." The defendant in his statement to the jury denied having made any such remarks, and another witness testified that he was present at the time and did not hear any such statement by the defendant. The court instructed the jury as follows: "If you believe that under the evidence submitted in the case, that the defendant was referring to himself when he made some reference to Mr. Gamble, then you are authorized to consider such statement against him as an incriminatory statement, if in fact you should find that such statement is of an incriminatory nature." This charge contained an expression of opinion by the judge as to the facts

proved, as it clearly intimated that the accused had made the statement testified to by the deacon and denied by the defendant; and, under ·the facts of the case, this expression of the court's opinion was prejudicial to the defendant's cause and requires another hearing of the case.

*Judgment reversed.  Luke and Bloodworth, JJ., concur.*